UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-20530-CIV-ALTONAGA/TURNOFF

CITY OF CORAL GABLES
RETIREMENT SYSTEM,

        Plaintiff,

v.

INVESCO INSTITUTIONAL
(N.A.), INC.,

        Defendant.
_____/



NIGHT BOX FILED

JUN 1 0 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## INVESCO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant INVESCO Institutional (N.A.), Inc. ("INVESCO"), for its Answer and Affirmative Defenses to the plaintiff's Complaint, states as follows:

1.    Paragraph 1 does not allege facts, and therefore requires no answer.

2.    INVESCO is without sufficient information or knowledge to respond to the allegations of the first and fourth sentences of paragraph 2, and therefore denies those allegations. INVESCO admits, on information and belief, the allegations of the second and third sentences of paragraph 2.

3.    INVESCO admits the allegations of paragraph 3.

007.162943.1

4. INVESCO denies that the plaintiff has any valid causes of action, and therefore denies the allegations of paragraph 4.

5. INVESCO admits the allegations of the first sentence of paragraph 5. INVESCO admits that the second and third sentences of paragraph 5 accurately quote a portion of the language currently found on INVESCO's internet web site, and refers the Court to the web site, in its entirety, for the placement of those statements, in context. INVESCO admits that it is required to manage a portfolio within the investment style for which INVESCO has been retained, but denies the remaining allegations of the fourth sentence of paragraph 5.

6. INVESCO admits the allegations of the first three sentences of paragraph 6. With respect to the fourth sentence of paragraph 6, INVESCO states that the plaintiff and INVESCO agreed in late 2000 that the plaintiff's account would be managed to an investment style known as Fundamental Value Equity. INVESCO denies the remaining allegations of that sentence.

7. With respect to the allegations of paragraph 7, INVESCO refers the Court to the Management Agreement, and denies all allegations inconsistent therewith.

8. INVESCO is unable to respond to the allegations of the first portion of paragraph 8, because the phrase "preserve assets" is vague and ambiguous in the context of stock equity investments. INVESCO therefore denies those allegations. INVESCO is without sufficient information or knowledge to respond to the remaining allegations of paragraph 8, which relate to the plaintiff's "overall portfolio" and "specific asset allocation segments in the investment portfolio," and therefore denies those allegations.

9. INVESCO denies the allegations of paragraph 9.

007.162943.1

10. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 10, and therefore denies those allegations.

11. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 11, and therefore denies those allegations.

12. The allegations of the first sentence of paragraph 12 constitute an expression of opinion, rather than a statement of fact, and therefore require no answer. INVESCO is without sufficient information or knowledge to respond to the remaining allegations of paragraph 12, and therefore denies those allegations.

13. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 13, and therefore denies those allegations.

14. INVESCO states that Enron's Forms 10-K filed with the SEC for the years 1997 onward speak for themselves, and INVESCO denies all allegations inconsistent therewith. INVESCO is without sufficient information or knowledge to respond to the remaining allegations of paragraph 14, and therefore denies those allegations.

15. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 15, and therefore denies those allegations.

16. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 16, and therefore denies those allegations.

17. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 17, and therefore denies those allegations.

18. INVESCO admits that Enron issued an August 14, 2001 press release announcing that Enron's board of directors had accepted Jeffrey Skilling's resignation from

Enron. In further response to paragraph 18, INVESCO refers the Court to the press release, and denies all allegations inconsistent therewith.

19.     INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 19, and therefore denies those allegations.

20.     INVESCO admits that on October 16, 2001, Enron issued a press release announcing a non-recurring charge to earnings. INVESCO refers the Court to that press release, and denies all allegations inconsistent therewith.

21.     In response to the allegations of paragraph 21, INVESCO refers the Court to the October 17, 2001 <u>Wall Street Journal</u> article, and denies all allegations inconsistent therewith.

22.     INVESCO admits that on October 24, 2001, Enron issued a press release announcing that Enron had named Jeff McMahon as Enron's chief financial officer, and that Andrew Fastow had been placed on a leave of absence from the company. INVESCO refers the Court to that press release, and denies all allegations inconsistent therewith.

23.     INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 23, and therefore denies those allegations.

24.     INVESCO admits that on October 31, 2001, Enron issued a press release announcing, among other things, that the Securities and Exchange Commission had opened a formal investigation into certain matters concerning Enron. INVESCO refers the Court to that press release, and denies all allegations inconsistent therewith.

25.     INVESCO admits that on November 1, 2001, Enron issued a press release stating that two investment banking firms had executed commitment letters to provide $1 billion

007.162943.1

of secured credit lines to Enron. INVESCO refers the Court to that press release, and denies all allegations inconsistent therewith.

26. INVESCO admits that on November 8, 2001, Enron filed a Form 8-K with the SEC, and issued a press release, concerning certain of Enron's financial affairs. INVESCO refers the Court to that filing and release, and denies all allegations inconsistent therewith. With respect to the second sentence of paragraph 26, INVESCO admits that the price of Enron stock closed at $8.41 on November 8, 2001, but is without sufficient information or knowledge to respond to the remaining allegations of that sentence, and therefore denies those allegations.

27. INVESCO admits that on November 9, 2001, Enron issued a press release stating that Enron had executed a definitive agreement to merge with Dynegy Inc. INVESCO refers the Court to that press release, and denies all allegations inconsistent therewith.

28. INVESCO admits that Enron filed for bankruptcy less than one month later than November 9, 2001. INVESCO is without sufficient information or knowledge to respond to the remaining allegations of paragraph 28, and therefore denies those allegations.

29. In response to the allegations of paragraph 29, INVESCO refers the Court to the referenced magazine article, and denies all allegations inconsistent therewith.

30. INVESCO is without sufficient information or knowledge to respond to the allegations of the first and third sentences of paragraph 30, and therefore denies those allegations. In response to the allegations of the second sentence of paragraph 30, INVESCO refers the Court to the referenced magazine article, and denies all allegations inconsistent therewith.

31. In response to the allegations of paragraph 31, INVESCO refers the court to the referenced study, report and commentary, and denies all allegations inconsistent therewith.

007.162943.1

32. In response to the allegations of paragraph 32, INVESCO refers the Court to the referenced reports, and denies all allegations inconsistent therewith.

33. In response to the allegations of paragraph 33, INVESCO refers the Court to the referenced reports, and denies all allegations inconsistent therewith.

34. INVESCO is without sufficient information or knowledge to respond to the allegations of paragraph 34, and therefore denies those allegations.

35. INVESCO admits that on July 3, 2001, INVESCO purchased 1,850 shares of Enron stock for the plaintiff's account for $48.69 per share, and that on September 5, 2001, INVESCO purchased 8,300 shares of Enron stock for the plaintiff's account for $34.35 per share. INVESCO admits that on October 30, 2001, INVESCO purchased 19,000 shares of Enron stock for the plaintiff's account for $11.01 per share, for a purchase price of $210,330. INVESCO denies the remaining allegations of paragraph 35.

36. INVESCO admits the allegations of the first sentence of paragraph 36. With respect to the second sentence of paragraph 36, INVESCO admits that it sold the Enron shares that it had purchased on October 30, 2001 for $.4014 per share, resulting in a loss in excess of $200,000 for those shares. With respect to the remaining allegations of the second sentence of paragraph 36, INVESCO – which could not foresee, and did not foresee, the rapid drop in the price of Enron stock – admits that if the shares had been sold earlier, the plaintiff would have suffered a lesser loss.

37. The first, second and third sentences of paragraph 37 constitute statements of opinion, conjecture and argument, rather than statements of fact, thereby requiring no answer. INVESCO denies the allegations of the fourth sentence of paragraph 37.

007.162943.1

## COUNT I

38. The first sentence of paragraph 38 does not allege facts, and therefore requires no answer. INVESCO restates by reference its responses to the allegations of paragraphs 1 through 37 of the Complaint as its response to the second sentence of paragraph 38.

39. With respect to the allegations of paragraph 39, INVESCO refers the Court to the Management Agreement attached to the Complaint, and denies all allegations inconsistent therewith.

40. INVESCO denies that the parties entered into an oral agreement, as alleged in paragraph 9. INVESCO denies the remaining allegations of paragraph 40.

41. INVESCO denies the allegations of paragraph 41.

## COUNT II

42. The first sentence of paragraph 42 does not allege facts, and therefore requires no answer. INVESCO restates by reference its responses to the allegations of paragraphs 1 through 37 of the Complaint as its response to the second sentence of paragraph 42.

43. Paragraph 43 does not allege facts, and therefore requires no answer.

44. INVESCO denies the allegations of paragraph 44.

45. INVESCO denies the allegations of paragraph 45.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, and without admitting that it has the burden of proving any of the following matters, INVESCO alleges as follows:

1. Counts I and II of the Complaint fail to state claims upon which relief can be granted against INVESCO because the plaintiff has failed to plead facts that constitute, as a matter of law, "gross or willful misconduct" by INVESCO, the liability standard set forth in the parties' Management Agreement.

2. Count II of the Complaint fails to state a claim upon which relief can be granted against INVESCO because the plaintiff's breach of fiduciary duty claim is barred by Florida's economic loss rule.

3. Pursuant to section 4 of the parties' Management Agreement, INVESCO is not liable to the plaintiff because INVESCO's investment decisions were taken in good faith.

4. Plaintiff's claims are barred because any injury allegedly sustained by the plaintiff was not directly or proximately caused by any act or omission by INVESCO. Rather, any injury allegedly sustained by the plaintiff resulted from the actions or inactions of others, including Enron, its executives, employees and affiliates.

5. Assuming solely for the purposes of pleading this defense that the plaintiff sustained any cognizable damages (which INVESCO denies), such damages are not recoverable from INVESCO because of plaintiff's failure to mitigate its damages. The plaintiff knew that shares of Enron had been purchased for and were held in the plaintiff's account. The Complaint itself alleges that the purported risks associated with the purchase of Enron securities were

publicly known and discussed. Despite such knowledge, the plaintiff never instructed INVESCO to stop purchasing or to sell any Enron shares.

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Because of the plaintiff's knowledge and inaction, the plaintiff waived its right to bring claims related to INVESCO's purchase of Enron shares, or its decision to hold such shares.

7. Plaintiff's claims are barred in whole or in part by the doctrine of ratification. At all relevant times, the plaintiff knew that Enron shares had been purchased for and were held in the plaintiff's account. By taking no action in the face of this knowledge, the plaintiff ratified INVESCO's investment strategy, including its decisions as to Enron.

8. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel. Although the plaintiff had knowledge of INVESCO's purchases of Enron stock for the plaintiff's account, and the duty to speak if it wanted to sell the shares, the plaintiff instead intentionally remained silent. INVESCO relied on such silence as further evidence of the plaintiff's approval of the investments, and, therefore, the plaintiff is estopped from asserting its claims against INVESCO.

**WHEREFORE,** INVESCO prays that the Court:

A. Enter judgment in favor of INVESCO, and against the plaintiff;

B. Award INVESCO its costs of suit and expenses; and

C. Grant INVESCO such other and further relief as the Court deems just and appropriate.

**I HEREBY CERTIFY** that a true and accurate copy of this INVESCO's Answer and Affirmative Defenses has been furnished by U.S. mail to CURTIS CARLSON, CARLSON & LEWITTES, P.A., 1200 Suntrust International Center, One Southeast Third Avenue, Miami, Florida 33131, this 10th day of June, 2005.

Richard S. Davis
Florida Bar No. 991082
FOLEY & LARDNER LLP
777 South Flagler Drive
Suite 901 -- West Tower
West Palm Beach, Florida 33401
Telephone:    (561) 650-0140
Facsimile:    (561) 655-6925
E-mail:rdavis@foley.com

James M. Landis
Florida Bar No. 0116760
FOLEY & LARDNER LLP
100 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:    (813) 229-2300
Facsimile:    (813) 221-4210
E-mail:jlandis@foley.com

*Attorneys for defendant*
*INVESCO Institutional (N.A.), Inc.*

007.162943.1