FILED BY _____ D.C.

2006 JUN -2 PM 3:37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLERK U.S. DIST.
S.D. OF FLA.-MIA.

CASE No. 05-20530-CIV-ALTONAGA

CITY OF CORAL GABLES RETIREMENT
SYSTEM,

    Plaintiff,

vs.

INVESCO INSTITUTIONAL (N.A.), INC.,

    Defendant.
_____/

## JOINT MEDIATION REPORT

The parties, by and through their undersigned counsel, hereby submit this Joint Mediation Report, and would show the following:

1. As scheduled, the parties met for mediation on May 18, 2006. In attendance for the Plaintiff was its Chairman and for the Defendant was its assistant general counsel. The mediation process has not yet resulted in a settlement of the case. The mediator has filed a mediation report (attached hereto) that accurately states the results of the mediation.

2. One of the issues that impedes the settlement negotiations is that the Plaintiff is a public agency consisting of a board of trustees. If any authority is granted to its representatives to settle this case, that authority must preferably be considered and granted by the whole board in a non-public session that is "out of the sunshine." Ultimately, however, the final approval to settle can only be made by action taken in a public meeting with adequate notice given to the public. Therefore, in order to move the mediation process along, it is necessary for

1



the Plaintiff to schedule a non-public meeting of its board where a quorum can be present to discuss the range of acceptable authority. Thereafter, the parties can meet again before the mediator and hopefully reach a number that is acceptable. The Plaintiff is attempting to schedule a meeting as soon as possible for that purpose.

3. Therefore, once again, the parties request that the Court not enter a scheduling order at this time. Given the dollar amount of the relief sought herein, when weighed against the expenses and costs of preparing for trial, the parties respectfully request that the Court grant the relief requested herein and allow them the opportunity to continue the effort to mediate this case to a successful conclusion.

4. The parties propose that the Court order them to submit a further Status Report within 60 days.

*Attorneys for Plaintiff:*

CARLSON & LEWITTES, P.A.

By: *(signature)*
Curtis Carlson
One S.E. Third Avenue
Suite 1200
Miami, FL 33131
Telephone: 305.372.9700
Facsimile: 305.372.8265
e-mail: carlson@carlson-law.net

*Attorneys for Defendant:*

FOLEY & LARDNER LLP

By: *(signature)*
Richard S. Davis
111 North Orange Avenue
Suite 1800
Orlando, FL 32801
Telephone: 407.244.3260
Facsimile: 407.648.1743
e-mail: rdavis@foley.com

**City of Coral Gables**
Plaintiff / Petitioner *[re Treemen Syster]*

vs.

*Jueneso etc.*
Defendant / Respondent.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-20530-CIV-ALTONAGA
*Magistrate Judge Turnoff*

## MEDIATION REPORT AND AGREEMENT

A mediation was held on _May 18, 2006_. Judge Gerald Mager conducted the proceedings. The individuals listed below were present.

___✓___ An agreement was not reached. — *mediation to continue*

_____ An agreement was reached as set forth below.

*The parties previously mediated on Mar. 2, 2006. A second mediation was held on May 18, 2006. Although the parties have proceeded in good faith and are making meaningful progress in reaching a resolution, the collateral and complex issues presently preclude a resolution at this time. Therefore, it will be necessary to conduct further mediation to resolve outstanding matters and finalize the position of the parties. This is not likely to occur before June 30, 2006. Accordingly, mediation is continued until that date during which time another mediation will be set or counsel will resolve the matter between themselves.*

_____
Plaintiff / ~~Petitioner~~ *Manuel Vivero, Chairperson*

_____
Attorney for Plaintiff/Petitioner

**5-18-06**
Date

_____
Defendant / ~~Respondent~~ *Harold W. Jordan II, Horse Jordan as Trustee, Jos. S. Dm.*

_____
Attorney for Defendant/~~Respondent~~

_____
Judge Gerald Mager, Mediator

THIS MEDIATION IS A CONFIDENTIAL PROCEEDING GOVERNED BY THE PROVISIONS OF CHAPTER 44, FLORIDA STATUTES AND ALL APPLICABLE MEDIATION RULES OR BY FEDERAL STATUTES OR RULES WHICH SHALL BE BINDING UPON ALL PARTIES AND COUNSEL. THE MEDIATOR'S MENTAL IMPRESSIONS SHALL BE DEEMED TO BE CONFIDENTIAL. THE MEDIATOR MAY CONTINUE COMMUNICATION WITH COUNSEL AND THE PARTIES AFTER FORMAL MEDIATION AND ALL COMMUNICATIONS SHALL BE DEEMED TO BE CONFIDENTIAL. NOTWITHSTANDING CONFIDENTIALITY, THE MEDIATOR SHALL BE AUTHORIZED TO REPORT ANY MATTERS OCCURRING IN A MEDIATION DEEMED TO BE A THREAT OF INJURY OR BODILY HARM. IN THE EVENT OF ANY DISPUTE CONCERNING A MEDIATED AGREEMENT, IF THE MEDIATOR IS SUBPOENAED TO DEPOSITION OR TO ATTEND ANY COURT HEARING, ALL FEES AND COSTS INCURRED BY THE MEDIATOR, INCLUDING ATTORNEYS FEES, SHALL BE PAID BY PARTY OR PARTIES DIRECTING MEDIATOR PARTICIPATION. THE PARTIES STIPULATE AND AGREE THAT THE COURT SHALL HAVE CONTINUING JURISDICTION TO ENFORCE PAYMENT OF ANY AMOUNT DUE AND OWING TO THE MEDIATOR FOR SERVICES RENDERED IN THIS MEDIATION. THESE TERMS AND CONDITIONS ARE INCORPORATED BY REFERENCE INTO ANY SETTLEMENT AGREEMENT OR ANY FINAL JUDGMENT RENDERED HEREIN.